**Mary ROE and John Doe,
Plaintiffs–Appellants,**

v.

**STATE BAR OF MICHIGAN, John Berry, Michigan Board of Law Examiners, and Charles Behler, Defendants–Appellees.**

No. 01–2400.

United States Court of Appeals,
Sixth Circuit.

Aug. 12, 2003.

Before GILMAN and GIBBONS, Circuit Judges, and JORDAN, District Judge.*

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

PER CURIAM.

Mary Roe and John Doe [1] filed an action under 42 U.S.C. § 1983 against the State Bar of Michigan (Bar); its executive director, John Berry; the Michigan Board of Law Examiners (Board); and Charles Behler, a member of the Board, claiming that defendants violated their First Amendment rights. Plaintiffs are law students who assert that they have been politically active in the past, including criticizing judges and the judicial system, and that they plan to seek admission to the Michigan Bar upon graduation from law school. An applicant for the Michigan Bar, in addition to meeting other requirements such as passing the bar examination, must "prove[ ] to the satisfaction of the board of law examiners that he or she is a person of good moral character." M.C.L. § 600.934(1). "Good moral character" is defined by statute as "the propensity on the part of the person to serve the public in the licensed area in a fair, honest, and open manner." M.C.L. §§ 600.934(2)(a); 338.41. Plaintiffs argue that being an attorney is itself a protected First Amendment activity and that Michigan's "good moral character" requirement for attorneys operates as a prior restraint. Additionally, they argue that their political speech is chilled by fear that the Bar will deny their applications because it disapproves of the content of their speech. Defendants filed a motion to dismiss. On September 19, 2001, the district court granted the motion. It held that the Bar and the Board are entitled to Eleventh Amendment immunity, which ruling plaintiffs have not appealed. In the same order, the district court held that the individual defendants, Berry and Behler, were not entitled to Eleventh Amendment immunity because plaintiffs "merely seek prospective injunctive relief that would re-

quire the state officers to comply with federal law in considering the Plaintiffs' bar applications." However, the district court held that the claims against Berry and Behler were barred for other reasons: the plaintiffs lacked standing to bring the claims and the claims were not ripe.

■ The district court correctly held that the Michigan statute at issue does not operate as a prior restraint on plaintiffs' First Amendment activity, since "[n]othing in the statute's language speaks to individual[s'] rights to free speech and expression." Plaintiffs cite no persuasive authority for the proposition that practicing law is itself a protected First Amendment activity. The district court further held that plaintiffs lack standing to challenge the statute because they failed to demonstrate a realistic danger that the statute will be applied so as to compromise their First Amendment rights. Finally, the district court held that plaintiffs' claims are not yet ripe. Applying the factors set forth in *Adult Video Association v. United States Department of Justice*, 71 F.3d 563, 568 (6th Cir.1995), the district court determined that the harm alleged is not likely to come to pass, the factual record is not sufficiently developed to produce a fair adjudication of the merits, and there is no hardship to the parties if judicial relief is denied at this stage.

■ For the reasons articulated by the district court, we agree that the Board and the Bar are protected by Eleventh Amendment immunity in this action, that plaintiffs lack standing, and that plaintiffs' claims are not ripe. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing plaintiffs'

1. These names are pseudonyms.

case. Because the district court fully articulated the reasons for dismissal, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court upon the reasoning set out by that court in its opinion and order entered September 19, 2001.